IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA ARLENE EPSON VAUGHN,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>        Defendant. | Case No.: 13-cv-02476-JSC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (Dkt. No. 2); DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND** |

    Plaintiff, proceeding pro se, contends that the Department of Veterans Affairs is liable for damages suffered as a result of improper medical treatment by the personnel at the Palo Alto Veterans Affairs Hospital.[1] (Dkt. No. 1.) Plaintiff also filed an Application to Proceed *In Forma Pauperis* ("IFP Application") pursuant to 28 U.S.C. § 1915(a). (Dkt. No. 2.) The Court has reviewed the IFP Application and finds that, given Plaintiff's cost of living and limited disability income, Plaintiff is indigent. Therefore, the IFP Application is GRANTED.

    Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding *in forma pauperis* if the Court determines that the action is (1) frivolous or malicious;

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 8), and Defendant, not yet served, is not a party to this case. *See Third World Media, LLC v. Does 1-1568*, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011).

(2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").  Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F. 2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith,* 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988); *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); 3 Moore, Federal Practice, § 15.10 at 838 (2d ed. 1948).

Because Plaintiff's action appears premature, the Court dismisses her Complaint with leave to amend for failure to state a claim.  Medical malpractice claims against VA hospitals, which Plaintiff's claim appears to be, typically implicate the Federal Tort Claims Act ("FTCA").  28 U.S.C. § 1346(b)(1); *see, e.g.*, *United States v. Kubrick*, 444 U.S. 111, 113-115 (1979); *Lance v. United States*, 70 F.3d 1093, 1094-95 (9th Cir. 1995); *Outman v. United States*, 890 F.2d 1050, 1051-52 (9th Cir. 1989).  There are, however, requirements a plaintiff must satisfy before filing an action under the FTCA in the district court.  Namely, the FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies."  *McNeil v. United States*, 508 U.S. 106, 107 (1993) (quoting 28 U.S.C. 2675(a)).  Exhausting administrative remedies in this context means that a plaintiff must first present his or her claim to the relevant federal agency, and may file an action in the district court only when the agency denies the claim or when six months passes without a final disposition of the claim.  *See* 28 U.S.C. 2675(a); *see also* 28 C.F.R. § 14.2(a) (requiring written notification of the incident accompanied by a claim for money damages in a sum certain as a prerequisite for suit under the FTCA).[2]  Plaintiff's Complaint does not reveal whether Plaintiff has presented her claim to the VA

---

[2] A claim under the FTCA must also be timely.  Specifically, the claim must be presented to the federal agency within two years after such claim "accrues," *and* the action must be initiated in the district court within six months after the agency denies the claim or after the passing of six months without a final disposition of the claim.  *See* 28 U.S.C. § 2401(b).

and either had the claim denied or six months elapsed without a final disposition of the claim. The Court accordingly dismisses Plaintiff's Complaint so Plaintiff may allege as much, or so Plaintiff may present her claim to the VA.

The Court further notes that Plaintiff may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for assistance. The Court also directs Plaintiff's attention to the Handbook for Pro Se Litigants, which is available along with further information on the Court's website located at http://cand.uscourts.gov/proselitigants. Finally, the Court notes that legal services for veterans may be available through a number of organizations in the Bay Area, including Swords to Plowshares, located at 1060 Howard Street in San Francisco, (415) 252-4788, http://www.swords-to-plowshares.org/.

## CONCLUSION

For the reasons stated, Plaintiff's Complaint is DISMISSED with leave to amend. Plaintiff's IFP Application is GRANTED. An amended complaint, if any, shall be filed within thirty (30) days of the date of this Order.

**IT IS SO ORDERED.**

Dated:   August 21, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE